MYLES S. OLSEN, JR., AND JOAN R. OLSEN, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Olsen v. Commissioner
Docket No. 14233-92
United States Tax Court
T.C. Memo 1995-319; 1995 Tax Ct. Memo LEXIS 320; 70 T.C.M. (CCH) 83; July 19, 1995, Filed *320 Decision will be entered under Rule 155. Myles S. Olsen, Jr., pro se. For respondent: Rogelio A. Villageliu. CHIECHI
CHIECHI
MEMORANDUM FINDINGS OF FACT AND OPINION CHIECHI, Judge: Respondent determined the following deficiency in, and additions to, petitioners' Federal income tax: Additions to Tax Section
Section Year
Deficiency
6651(a)(1) [1]
6661(a)
1987
$ 45,927
$ 11,482
$ 11,482
The issues remaining for decision are: [2]
(1) Are petitioners entitled to the deductions they claimed with respect to certain real properties? We hold that they are not. (2) Did petitioners have gross income attributable to rental payments from one of those real properties that Mr. Olsen retained and did not turn over to his bankruptcy estate? We hold that they did. (3) Are petitioners entitled to deductions for unreimbursed employee business expenses in excess of the amounts allowed by respondent? We hold that they are not. (4) Are petitioners liable for the addition to tax under section *321 6651(a)(1) for failure to file timely their tax return? We hold that they are. (5) Are petitioners liable for the addition to tax under section 6661(a) for a substantial understatement of tax? We hold that they are. FINDINGS OF FACT Some of the facts have been stipulated and are so found. [3]
*322 Petitioners resided in Kildeer, Illinois, at the time the petition was filed.
In late June 1985, petitioner Myles S. Olsen, Jr. (Mr. Olsen) filed a voluntary chapter 11 [4] reorganization petition in the United States Bankruptcy Court in the Northern District of Illinois (bankruptcy court). In late September 1988, Mr. Olsen's chapter 11 reorganization proceeding was converted to a chapter 7 liquidation proceeding. (Hereinafter, the chapter 11 and chapter 7 bankruptcy proceedings will be referred to collectively as the bankruptcy proceeding.) In early October 1989, Mr. Olsen received his chapter 7 discharge. In early October 1988, petitioner Joan R. Olsen (Ms. Olsen) commenced in the bankruptcy court a voluntary chapter 13 proceeding for "Adjustment of Debts of an Individual With Regular Income". In early February 1989, that proceeding was dismissed by that court. *323 In their Federal income tax return for 1987, which they filed on April 7, 1989, petitioners claimed deductions for certain expenses and depreciation attributable to two real properties, a commercial property located in Union, Illinois (Illinois property), to which Mr. Olsen had originally acquired title, and an industrial property located in Morristown, Tennessee (Tennessee property), to which petitioners acquired title as tenants by the entirety in June 1982. With respect to the Illinois property, during 1987, the legal title to that property was held by an Illinois land trust that was established by and between Mr. Olsen and Chicago Title and Trust Co. as trustee. Mr. Olsen's beneficial ownership interest in the Illinois property during 1987 was the property of his bankruptcy estate in the bankruptcy proceeding. During 1987, Mr. Olsen received rental payments totaling $ 104,001 from unrelated parties for use of the Illinois property. He reported those payments in petitioners' 1987 return as rental income. Except to the extent respondent concedes that Mr. Olsen used a portion (viz., $ 48,045) of the rental payments he received with respect to the Illinois property to pay certain *324 expenses, he retained the balance (viz., $ 55,956) of those payments and did not turn them over to his bankruptcy estate. Mr. Olsen claimed the following deductions in petitioners' 1987 return for expenses respondent concedes he paid from the rental payments he received during 1987 and for expenses he claimed he paid during that year with respect to the Illinois property: Deductions Claimed Amount
Real estate taxes
$ 24,592
Insurance
9,663
Repairs and maintenance
3,875
Bank charges/office
561
Interest
13,229
Depreciation
21,977
Total
$ 73,897
During 1987, Mr. Olsen's interest in the Tennessee property was the property of his bankruptcy estate in the bankruptcy proceeding. During the period January 1, 1987 through July 22, 1987, the Town Cabinet Co. and/or Southern States Construction Co. (Southern States) occupied the Tennessee property rent free. During all relevant times, Mr. Olsen owned all of the outstanding shares of Southern States. In their 1987 return, petitioners claimed that the following expenses were paid during 1987 with respect to the Tennessee property: Deductions Claimed
Amount
Recording fees
$ 55
Insurance
7,000
Legal fees
1,324
Interest
27,339
Depreciation
38,643
Total
$ 74,361
*325 After reducing the claimed expenses relating to the Tennessee property because of the passive activity loss limitation of section 469(a), petitioners deducted $ 67,621 of such expenses in their 1987 return. OPINION Petitioners, who did not file any briefs herein, bear the burden of proving that respondent's determinations in the notice of deficiency (notice) are erroneous. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). The only witness to appear at trial was Mr. Olsen. His testimony was for the most part general, vague, conclusory, uncorroborated, and questionable. Under those circumstances, we are not required to, and we do not, accept such testimony to support the positions of petitioners herein. See Lerch v. Commissioner, 877 F.2d 624, 631-632 (7th Cir. 1989), affg. T.C. Memo. 1987-295; Geiger v. Commissioner, 440 F.2d 688, 689-690 (9th Cir. 1971), affg. per curiam T.C. Memo. 1969-159; Tokarski v. Commissioner, 87 T.C. 74, 77 (1986). Deductions and Income with Respect to the Illinois *326 Property and the Tennessee Property
For Federal income tax purposes, the bankruptcy estate of an individual who is a debtor in a chapter 7 or a chapter 11 bankruptcy proceeding is treated as a separate taxpayer from that individual debtor. See sec. 1398. The bankruptcy estate of an individual "is comprised of all of the following property, wherever located and by whomever held: * * * all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. sec. 541(a) (1994). Illinois Property
In their 1987 return, petitioners claimed deductions totaling $ 73,897 with respect to the Illinois property. In the notice, respondent made a determination to disallow those claimed deductions. During 1987, Mr. Olsen's beneficial ownership interest in the Illinois property was the property of his bankruptcy estate in the bankruptcy proceeding, and the Illinois land trust held legal title to that property. Deductions
Petitioners presented no evidence and make no argument to support their entitlement to the deductions they claimed in their 1987 return with respect to the Illinois property. In fact, petitioners *327 are deemed to have admitted pursuant to Rule 90(c), and Mr. Olsen admitted at trial, that Mr. Olsen's bankruptcy estate, and not Mr. Olsen, is entitled to those deductions. On the instant record, we find that petitioners failed to prove that they are entitled to the deductions they claimed in their 1987 return with respect to the Illinois property. We therefore sustain respondent's determination with respect to those claimed deductions. Income
Petitioners reported as gross income in their 1987 return the $ 104,001 of total rental payments that Mr. Olsen received during that year with respect to the Illinois property. They now contend that during 1987 Mr. Olsen received only $ 84,000 of rental payments with respect to that property. Respondent determined that petitioners correctly reported in their 1987 return that they had $ 104,001 of gross rental income from the Illinois property. [5] However, respondent concedes that Mr. Olsen used $ 48,045 of the $ 104,001 of total rental payments he received during 1987 to pay the following expenses relating to the Illinois property: $ 24,592 of real estate taxes, $ 9,663 of insurance, $ 561 of bank charges/office, and $ 13,229 of interest. *328 Thus, it is respondent's position that Mr. Olsen has gross income for 1987 from the rental of the Illinois property only to the extent of the balance of the total rental payments he received during that year with respect to that property, that is to say, only to the extent of the $ 55,956 [6] of such payments that Mr. Olsen received during 1987, that he did not use to pay expenses relating to the Illinois property, and that he retained and did not turn over to his bankruptcy estate. Petitioners presented no evidence other than Mr. Olsen's uncorroborated testimony on which we are unwilling to rely that during 1987 Mr. Olsen received only $ 84,000 of total rental payments with respect to the Illinois property, and not the $ 104,001 they reported in their 1987 return. Petitioners *329 adduced no evidence whatsoever, and make no argument, as to why they should not include in their gross income for 1987 the amount (viz., $ 55,956) of rental payments that Mr. Olsen received during that year with respect to the Illinois property, that he did not use to pay expenses relating to that property, and that he retained and did not turn over to his bankruptcy estate. On the record before us, we find that petitioners failed to prove that they did not have gross income for 1987 attributable to the rental payments of $ 55,956 with respect to the Illinois property that Mr. Olsen retained and did not turn over to his bankruptcy estate. Tennessee Property
In their 1987 return, petitioners claimed deductions totaling $ 67,621 with respect to the Tennessee property. [7] In the notice, respondent made a determination to disallow those claimed deductions. *330 Petitioners took legal title to the Tennessee property on June 2, 1982, as tenants by the entirety. Mr. Olsen's interest in the Tennessee property was the property of his bankruptcy estate in the bankruptcy proceeding. Petitioners presented no evidence and make no argument to support their entitlement to the deductions they claimed in their 1987 return with respect to the Tennessee property. In fact, petitioners are deemed to have admitted pursuant to Rule 90(c), and Mr. Olsen admitted at trial, that Mr. Olsen's bankruptcy estate, and not petitioners, is entitled to claim as deductions any expenses with respect to that property that were actually incurred during 1987. [8]
*331 On the instant record, we find that petitioners failed to prove that they are entitled to the deductions they claimed in their 1987 return with respect to the Tennessee property. We therefore sustain respondent's determination with respect to those claimed deductions. Unreimbursed Employee Business Expenses
In their 1987 return, petitioners claimed a deduction in the amount of $ 9,933 for "unreimbursed employee business expenses". In the notice, respondent determined to disallow that claimed deduction. At trial, respondent allowed petitioners $ 4,662 of such expenses. Petitioners presented no evidence to establish that they paid unreimbursed employee business expenses in an amount greater than that allowed by respondent. In fact, petitioners are deemed to have admitted pursuant to Rule 90(c) that they are not entitled to itemized deductions in excess of the amounts determined in the notice. On the instant record, we find that petitioners failed to prove that they are entitled to a deduction for unreimbursed employee business expenses in excess of the amount allowed by respondent. We therefore sustain respondent's determination with respect to those expenses, as adjusted *332 to reflect her concession at trial. Additions to Tax
Failure to File
Respondent determined that petitioners are liable for 1987 for an addition to tax under section 6651(a)(1) in the amount of 25 percent of the amount required to be shown in the return. In the case of failure to file an income tax return on the date prescribed for filing, section 6651(a)(1) imposes an addition to tax equal to five percent of the amount required to be shown in the return, with an additional five percent to be added for each month or partial month during which such failure continues, not to exceed 25 percent in the aggregate. The addition to tax under section 6651(a)(1) does not apply if it is shown that the failure to file was due to reasonable cause, and not to willful neglect. The parties stipulated that petitioners filed their Federal income tax return for 1987 on April 7, 1989. Petitioners' 1987 return was due on April 15, 1988. See sec. 6072(a). Thus, petitioners are subject to the maximum addition to tax imposed by section 6651(a)(1) unless their failure to file timely was due to reasonable cause, and not to willful neglect. Although it is not altogether clear, petitioners appear *333 to argue that their failure to file timely their return for 1987 was due to reasonable cause, and not to willful neglect, because the bankruptcy judge in Mr. Olsen's chapter 11 bankruptcy proceeding was unwilling to allow petitioners to hire an accountant to prepare that return. Petitioners presented no evidence to support their claim regarding the bankruptcy judge other than Mr. Olsen's uncorroborated testimony on which we are unwilling to rely. In any event, even assuming arguendo that the bankruptcy judge refused to allow petitioners to hire an accountant, that fact, standing alone, would not constitute reasonable cause for petitioners' failure to file timely their 1987 tax return. On the record before us, we find that petitioners failed to prove that their failure to file timely their 1987 tax return was due to reasonable cause, and not to willful neglect. We therefore sustain respondent's determination under section 6651(a)(1). Substantial Understatement of Income Tax
Respondent determined that petitioners are liable for 1987 for the addition to tax for a substantial understatement of income tax under section 6661(a). Section 6661(a) imposes an addition to tax equal to *334 25 percent of the amount of any underpayment of tax attributable to a substantial understatement of income tax. The amount of the understatement is equal to the amount of tax required to be shown in the return less the amount of tax shown in the return. Sec. 6661(b)(2)(A). With respect to individuals, an understatement is substantial if it exceeds the greater of 10 percent of the tax required to be shown in the return or $ 5,000. Sec. 6661(b)(1)(A). The amount of the understatement is reduced by the portion of the understatement that is attributable to an item for which there is or was substantial authority for the position taken in the return or which was adequately disclosed in the return. Sec. 6661(b)(2)(B). Petitioners presented no evidence and make no argument with respect to whether they had substantial authority for the positions taken in their 1987 return or whether they made adequate disclosure of such items in that return. On the record before us, we find that petitioners failed to meet their burden of proof with respect to respondent's determination under section 6661(a). Assuming arguendo that petitioners' undersatatement of tax for 1987 is substantial within the meaning *335 of section 6661(b)(1)(A) after it is recalculated in accordance with this Opinion, petitioners are liable for the addition to tax under section 6661(a). To reflect the foregoing and the concessions of the parties, Decision will be entered under Rule 155.
Footnotes
1. All section references are to the Internal Revenue Code in effect for the year at issue. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. Among other issues conceded by petitioners is the issue they raised in the petition relating to a claimed bad debt deduction for 1987 for money petitioners allegedly lent to Olsen Woodworking Company, Inc. (Olsen Woodworking). Petitioners are deemed to have admitted pursuant to Rule 90(c) that they did not lend any money to Olsen Woodworking during 1987. Even if petitioners were not deemed to have made that concession, on the instant record, we would find that petitioners failed to prove that they lent money to Olsen Woodworking for which they are entitled to a bad debt deduction for 1987.↩
3. On Apr. 4, 1994, respondent filed with the Court a request for admissions, a copy of which she had served on petitioners on Mar. 28, 1994. Petitioners did not file any response to respondent's request for admissions. Accordingly, each matter set forth in respondent's request for admissions is deemed admitted pursuant to Rule 90(c).↩
4. References to ch. 7, ch. 11, and ch. 13 are to chapters in the United States Bankruptcy Code, which is codified in Title XI of the United States Code.↩
5. Respondent made no adjustments in the notice to the $ 104,001 of rental income reported by petitioners.↩
6. I.e. $ 104,001 of total rental payments less $ 48,045 of such payments used to pay certain expenses relating to the Illinois property.↩
7. The total expenses claimed were $ 74,361, but they were reduced to $ 67,621 because of the passive activity loss limitation, sec. 469(a), that applied to petitioners' taxable year 1987.↩
8. We note that petitioners did not establish that any expenses relating to that property, except interest, were paid during 1987, and Mr. Olsen testified that any expenses that were paid during that year with respect to the Tennessee property were paid by Southern States. Moreover, during the period January 1, 1987 through July 22, 1987, the Town Cabinet Co. and/or Southern States occupied the Tennessee property rent free, and the record is devoid of any evidence that that property generated any income during that year.↩